1

2

3

4

5

6                       IN THE UNITED STATES DISTRICT COURT

7                          FOR THE DISTRICT OF ARIZONA

8

9    Alfredo Camargo,                        No. CV-13-02488-PHX-NVW (JFM)

10                    Petitioner,
                                             **ORDER**
11   v.                                      **and**
                                             **GRANT OF CERTIFICATE OF**
12   Charles L. Ryan, et al.,                **APPEALABILITY**

13                    Respondents.

14

15          Pending before the Court is the Amended Report and Recommendation ("R&R")

16   of Magistrate Judge James F. Metcalf (Doc. 19) regarding petitioner's First Amended

17   Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 6).  The

18   R&R recommends that the Petition be dismissed with prejudice.  The Magistrate Judge

19   advised the parties that they had fourteen days to file objections to the R&R.  (Doc. 19 at

20   21.)  Petitioner filed objections on January 26, 2015.  (Doc. 20.)

21          The Court has considered the objections and reviewed the Amended Report and

22   Recommendation de novo.  *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1) (stating that

23   the court must make a de novo determination of those portions of the Report and

24   Recommendation to which specific objections are made).  Petitioner claims the Superior

25   Court erred by dismissing his second Notice of Post-Conviction Relief as untimely.

26   (Doc. 14-2 at 100.)  Had the Superior Court considered that notice timely, the notice

27   would qualify as "properly filed" under 28 U.S.C. § 2244(d)(2), and the pendency of

28   Petitioner's state post-conviction proceedings would toll the one-year statute of

limitations for federal habeas actions.  Both parties agree that if Petitioner were entitled to such tolling, his request for federal habeas relief would be timely.

This Court lacks authority to second-guess the state court's determination that Petitioner's second Notice of Post-Conviction Relief was untimely under Arizona law. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) ("Because the state court rejected petitioner's … petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)."); *White v. Martel*, 601 F.3d 882, 884 (9th Cir. 2010) ("We have held that, pursuant to *Pace*, tolling under section 2244(d)(2) is unavailable where a state habeas petition is deemed untimely under [a state's] timeliness standards.").  A federal habeas court may not correct a state court's erroneous ruling on timeliness even if the state's timeliness rule is "vague, ambiguous, and inconsistently applied."  *See White*, 601 F.3d at 884 ("[T]he adequacy analysis used to decide procedural default issues is inapplicable to the issue of whether a state petition was 'properly filed' for purposes of section 2244(d)(2)." (citation omitted)).  "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)."  *Pace*, 544 U.S. at 414 (alteration in original) (citation omitted) (finding that "a state postconviction petition rejected by the state court as untimely" was not "properly filed" for purposes of § 2244(d)(2)); *see also Pounds v. Herzog*, NO. C14-0084-MJP-MAT, 2014 U.S. Dist. LEXIS 93390, at *12-13 (W.D. Wash. May 7, 2014) ("Because the state court decided a state-law issue in finding petitioner's [petition] untimely, this Court cannot second guess that finding." (citing *Estelle v. McGuire*, 502 U.S. 62, 67-72 (1991))); *Lane v. Ryan*, No. CV-12-8014-PCT-NVW (DKD), 2013 U.S. Dist. LEXIS 69608, at *8 (D. Ariz. Apr. 18, 2013) ("In this case, the state court's rejection of Lane's second petition as untimely means that it 'must be treated as improperly filed, or as though it never existed,' such that 'for purposes of section 2244(d), the pendency of that petition did not toll the limitations period.'" (quoting *Lakey v. Hickman*, 633 F.3d 782, 786 (9th Cir. 2011))).

If empowered to set aside the state courts' timeliness rulings, this Court would find Petitioner's federal filing came within the § 2244(d) statute of limitations.  Petitioner attaches to his Objections (Doc. 20) a notarized affidavit attesting that he placed his first petition for review "in the hands of prison officials for mailing" no later than August 27, 2010—the deadline for filing under state law.  (Doc. 20 at 11.)  The petition is dated August 24, 2010.  (Doc. 14-2 at 188.)  As Petitioner argues, if he handed his filing to prison staff any later than the 27th, it is unlikely bordering on implausible that the petition could have been received by the Court of Appeals by the 30th, when it was officially marked "filed."  (*See id.* at 94.)  Because Arizona follows the mailbox rule for prisoner filings, *see State v. Rosario*, 195 Ariz. 264, 266, 987 P.2d 226, 228 (Ct. App. 1999) ("If [the petitioner] timely gave his notice of petition for post-conviction relief to the Arizona Department of Corrections ('ADOC') for mailing, his notice must be considered timely filed."), Petitioner appears to have complied with state filing requirements.  The Court of Appeals, however, deemed his petition for review untimely. (*Id.* at 94-95.)

The Court of Appeals' order dismissing Petitioner's first petition for review does not take account of the thirty-day extension the Superior Court granted on July 28, 2010. (*Id.* at 87-90.)  In explaining its conclusion that the petition for review was not filed within the thirty days allowed by Arizona Rule of Criminal Procedure 32.9(c), the Court of Appeals wrote that "the trial court summarily dismissed the petition for post-conviction relief on July 8, 2010, and the petition for review was not filed until August 30, 2010."  (*Id.* at 94.)  As an apparent result of this oversight, the Court of Appeals did not explicitly consider whether Petitioner had complied with the "mailbox rule" when submitting his first petition for review.

Perhaps led astray by the Court of Appeals' order, the Superior Court in Petitioner's second post-conviction proceeding may have viewed his conviction as becoming final sometime around August 6, 2010, i.e., thirty days after the dismissal of the first petition for relief.  At that time, the "final order or mandate … in the petitioner's

first petition for post-conviction relief proceeding," Ariz. R. Crim. P. 32.4(a), was the Superior Court's July 7, 2010 order dismissing the first petition for post-conviction relief. (*Id.* at 85.)   Petitioner's second Notice of Post-Conviction Relief, officially filed on September 30, 2010, was received more than thirty days after that July 7, 2010 "final order or mandate" issued.[1]  (*Id.* at 98.)  It appears that on the Superior Court's view, that second notice was therefore untimely under Rule 32.4(a).[2]  In fact, however, because the Court of Appeals did not dismiss the first notice until September 3, 2010, the "final order or mandate" in Petitioner's first post-conviction proceeding did not issue until that date. (*Id.* at 94-95.)

Accordingly, the second notice of post-conviction relief—whether measured from September 24, 2010, when Petitioner signed it, or September 30, 2010, when it was "filed" with the Superior Court (*id.* at 98)—was submitted within thirty days of the "final order or mandate" in Petitioner's first Rule 32 proceeding.  That second request was therefore timely under Arizona law, and the § 2244(d) statute of limitations should have been tolled through December 6, 2013, when Petitioner submitted his first Petition for Writ of Habeas Corpus (Doc. 1).  *See State v. Pruett*, 185 Ariz. 128, 131, 912 P.2d 1357, 1360 (Ct. App. 1995) ("[A] second notice of post-conviction relief for a claim of ineffectiveness of previous Rule 32 counsel is timely if filed within 30 days of the order and mandate affirming the trial court's denial of the petitioner's first petition for post-conviction relief.").

---

[1] Given that the notice was received by the Court of Appeals on September 30th, it is improbable that Petitioner handed it to prison officials any later than the 27th.  Either way, filing occurred more than thirty days after July 7, 2010.

[2] **The Superior Court construed Petitioner's second notice to** assert "ineffective assistance of *trial* counsel" (Doc. 14-2 at 100 (emphasis added)).  That notice actually claimed Petitioner had received ineffective assistance during his *first post-conviction proceeding*.  (*Id.* at 98.)  That the Superior Court misinterpreted the basis of Petitioner's notice appears ultimately to have been harmless, as a claim of ineffective assistance of prior Rule 32 counsel is subject to the same thirty-day limit as most other post-conviction proceedings.  *See State v. Petty*, 225 Ariz. 369, 373, 238 P.3d 637, 641 (Ct. App. 2010) ("A claim of ineffective assistance of Rule 32 of-right counsel does not fall within Rule 32.1(d), (e), (f), (g), or (h).").

1       Thus the Court is satisfied that but for the state courts' confusion in applying
2   Arizona law, Petitioner's federal habeas petition would be timely.   Nevertheless, as
3   explained above, the Court is without power to revise the state courts' timeliness
4   determinations.   The Petition must therefore be dismissed.   **The Court agrees with the**
5   **Magistrate Judge's determinations, accepts the recommended decision within the**
6   **meaning of Rule 72(b), Fed. R. Civ. P., and overrules Petitioner's objections.**   *See* 28
7   U.S.C. § 636(b)(1) (stating that the district court "may accept, reject, or modify, in whole
8   or in part, the findings or recommendations made by the magistrate").

9       "When the district court denies a habeas petition on procedural grounds without
10  reaching the prisoner's underlying constitutional claim, a [certificate of appealability]
11  should issue when the prisoner shows, at least, that jurists of reason would find it
12  debatable whether the petition states a valid claim of the denial of a constitutional right
13  and that jurists of reason would find it debatable whether the district court was correct in
14  its procedural ruling."   *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).   In this case,
15  Supreme Court and Ninth Circuit case law appears to make it clear that, for purposes of
16  tolling § 2244(d)'s statute of limitations, a state court's determination that a prisoner filed
17  his state petition untimely is "the end of the matter."   *Pace*, 544 U.S. at 414.   However,
18  the unusual equities of this case may make it appropriate for further scrutiny on appeal.
19  Therefore, a certificate of appealability will be granted.

21       **IT IS THEREFORE ORDERED** that the Amended Report and Recommendation
22  of the Magistrate Judge (Doc. 19) is accepted.

23       **IT IS FURTHER ORDERED** that a Certificate of Appealability is granted.

24       **IT IS FURTHER ORDERED** that  the Clerk of the Court enter judgment denying
25  and dismissing Petitioner's First Amended Petition for Writ of Habeas Corpus filed

27  . . .
28  . . .

- 5 -

pursuant to 28 U.S.C. § 2254 (Doc. 6) with prejudice.  The Clerk shall terminate this action.

Dated this 3rd day of March, 2015.

Neil V. Wake
United States District Judge