# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

Alfredo Camargo,
Petitioner
-vs-
Charles L. Ryan, et al.,
Respondents.

CV-13-2488-PHX-NVW (JFM)

**Report & Recommendation
on Certificate of Appealability**

## I. MATTER UNDER CONSIDERATION

**Background** – On January 15, 2015, the undersigned filed an Amended Report and Recommendation (Doc. 19) recommending the dismissal of Petitioner's habeas Petition as barred under the habeas statute of limitations. That recommendation was based in part on a conclusion that Petitioner had not shown the applicability of the prisoner mailbox rule with regard to his first petition for review to the Arizona Court of Appeals, and thus that petition was untimely and did not delay the commencement of the habeas limitations period. The Report & Recommendation further found that the Court need not resolve the authority of the habeas court to rethink a state court's ruling that a post-conviction petition was untimely because Petitioner's second PCR petition was properly found to be untimely under Arizona law.

Petitioner then filed an Objection (Doc. 20) arguing that his first petition for review was entitled to application of the prison mailbox rule, and providing an affidavit supporting the contention.

In the Order filed March 4, 2014 (Doc. 23), the Court concluded that this habeas Court could not second guess the state court's timeliness ruling, but found that if it could, it would find the first petition for review was timely by application of the state's prison mailbox rule. The Court reasoned that the Arizona Supreme Court may have

overlooked the extension granted by the Arizona Court of Appeals, and thus concluded that the petition was untimely even with the application of the prison mailbox rule. On that basis, the Court also concluded that Petitioner's second PCR petition was improperly dismissed as untimely, under the assumption that the PCR court had calculated its due date from the PCR court's denial of the first PCR petition rather than the dismissal of the petition for review.

Despite its ruling that the Petition should be dismissed as untimely, the Court granted a certificate of appealability. In doing so, the Court observed:

> In this case, Supreme Court and Ninth Circuit case law appears to make it clear that, for purposes of tolling § 2244(d)'s statute of limitations, a state court's determination that a prisoner filed his state petition untimely is "the end of the matter." However, the unusual equities of this case may make it appropriate for further scrutiny on appeal. Therefore, a certificate of appealability will be granted.

(Order 3/4/14, Doc. 20 at 5.)

**Motion to Amend/Correct Judgment** – On March 5, 2015, Respondents filed a Motion to Amend/Correct Judgment (Doc. 25), arguing that that the March 4, 2015 Order (Doc. 23) failed to specify a substantive claim with respect to which Petitioner had shown that reasonable jurists could disagree, and thus asked for an amendment to either deny a certificate of appealability or to clarify the meritorious claim.

In response, on March 9, 2015, the Court "temporarily" vacated its Order on the Report and Recommendation and the resulting Judgment, and referred the Motion to Amend (Doc. 25) to the undersigned for a further report & recommendation after further briefing. The report & recommendation is to be limited to determining "whether Petitioner's substantive claims for relief are sufficiently meritorious to justify issuance of a certificate of appealability." (Order 3/9/15, Doc. 26 at 2.) The Court reiterated that it stands by the conclusion that jurists of reason would find debatable the Court's procedural ruling.

Consequently, the Court set a briefing schedule on the Motion to Amend/Correct Judgment, such briefing to be limited to the issue of the certificate of appealability, *i.e*

whether Petitioner has made a substantive claim for relief which is sufficiently meritorious to justify issuance of a certificate of appealability. (Order 3/12/15, Doc. 27.)

In doing so, the Court noted that Respondents had addressed the merits of Petitioner's claims in their Answer (Doc. 14), and Petitioner had already replied thereto (Doc. 15). Consequently, the parties were directed to only address whether there is sufficient merit to justify a certificate of appealability, *i.e.* whether "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

**Response to Motion** - On March 16, 2015, Petitioner responded (Doc. 29) to the Motion, arguing in pertinent part that he had a right to effective assistance of counsel in his PCR proceeding which was the functional equivalent of direct appeal. Petitioner also argues that this Court should reconsider various decisions with regard to the timeliness of his Petition etc.

**Reply** - On March 17, 2015, Respondents replied in support of the Motion to Amend/Correct (Doc. 32). Respondents argue that Petitioner's right to counsel is not at issue, and the referral from Judge Wake on the instant motion was not a reopening of the timeliness issue.

**Supplement** - On March 23, 2015, Petitioner filed a Supplement (Doc. 35) to his response, arguing that the AEDPA's deferential standards do not apply in determining whether to issue a COA. Petitioner further argues that his Ground One is based on the rejection of a favorable plea, not merely an irreconcilable conflict, and that he had a right to counsel in his PCR proceeding. Petitioner argues counsel should be appointed for him in this proceeding to assert any claims his PCR counsel failed to present.

The matter is now ripe for consideration. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

//

3

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND

With one exception, the undersigned incorporates by reference the Relevant Factual & Procedural Background set forth in the Report and Recommendation filed January 15, 2015 (Doc. 19).

The one exception is made to incorporate the findings made by Judge Wake on the basis of Plaintiff's Objections, in the since vacated Order filed March 4, 2015 (Doc. 26) relating to the mailing of Petitioner's first petition for review, and the import of the state court rulings on that petition and the subsequent second petition for post-conviction relief. (Doc. 26 at 3-4.)

## III. APPLICATION OF LAW TO FACTS

### A. APPLICABLE STANDARD

Rule 11(a), Rules Governing Section 2254 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under the AEDPA, "[a] certificate of appealability may issue…only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Under the referral from Judge Wake, this Report and Recommendation is limited to applying the first component of that standard, namely whether "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack*, 529 U.S. at 484.

**Valid Claim and The "Quick Look" Standard** - That *valid claim* determination

4

does not require the Court to make a "definitive" determination of the merits of the claims, but rather only a "preliminary" one. *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003). It requires only "a general assessment of their merits," *id.* at 336, and not a "certainty of ultimate relief," *id.* at 337. The Ninth Circuit has taken a particularly broad view of this standard, at least in comparison to some other circuits. *See* David Goodwin, *An Appealing Choice: An Analysis of and A Proposal for Certificates of Appealability in "Procedural" Habeas Appeals*, 68 N.Y.U. Ann. Surv. Am. L. 791, 821 (2013) (comparing circuits). The Ninth Circuit has concluded: "we will simply take a 'quick look' at the face of the complaint to determine whether the petitioner has 'facially allege[d] the denial of a constitutional right.' " *Lambright v. Stewart*, 220 F.3d 1022, 1026 (9th Cir. 2000) (quoting *Jefferson v. Welborn*, 222 F.3d 286, 289 (7th Cir. 2000)). Thus, in resolving the instant issue, the Court need not evaluate whether Petitioner's claims are ultimately substantiated by the record, but simply whether the Petition has made out a constitutional claim.[1]

Moreover, circuit court precedent is not determinative in deciding whether a claim is substantial. "Even if a question is well settled in our circuit, a constitutional claim is debatable if another circuit has issued a conflicting ruling." *Allen v. Ornoski*, 435 F.3d 946, 951 (9th Cir. 2006).

**AEDPA Deference Inapplicable** – Respondents ask the Court to apply deference under the AEDPA to the state court decisions. For example, Respondents argue that Petitioner's claim of an irreconcilable conflict with counsel was rejected on the merits by the state courts, and "Petitioner cannot receive habeas relief unless he shows that the state court's decision was 'contrary to, or involved an unreasonable application of, *clearly established Federal law, as determined by the Supreme Court*.' " (Motion, Doc. 25 at 3 (quoting 28 U.S.C. § 2254(d)) (emphasis in original).

---

[1] This standard is not unlike the "failure to state a claim" standard applied in evaluating complaints under Federal Rule of Civil Procedure 12(b)(6). "[A] complaint must contain sufficient factual content 'to state a claim to relief that is plausible on its face....' " *Landers v. Quality Communications, Inc.*, 771 F.3d 638, 641 (9th Cir. 2014), as amended (Jan. 26, 2015) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Petitioner argues that such deference does not apply, citing *Smith v. Dretke*, 422 F.3d 269, 273 (5th Cir. 2005), and *York v. Galetka*, 314 F.3d 522, 528 (10th Cir. 2003). (Supplement, Doc. 35 at 3.)

Respondents have not replied on this issue, and the undersigned has found no Ninth Circuit authority explicitly addressing the matter.

The latter case cited by Petitioner, *York*, does not address the applicability of AEDPA deference in issuing a certificate of appealability.

In *Smith,* however, the Fifth Circuit did indeed opine: "At the COA stage, we do not apply the deferential AEDPA standard of review to examine the merits of the habeas petition." 422 F.3d at 273. In support of that contention, the Fifth Circuit quoted the following language from the Supreme Court's decision in *Miller-El v. Cockrell*, 537 U.S. 322 (2003): "Before the issuance of a COA, the Court of Appeals had no jurisdiction to resolve the merits of petitioner's constitutional claims." 422 F.3d at 273 (quoting *Miller-El*, 537 U.S. at 342).

By itself the Fifth Circuit's quote from *Miller-El* does not seem to address AEDPA deference. In context, however, it is plain that the Supreme Court in *Miller-El* was asserting that AEDPA deference was not appropriate in applying the "substantial showing" prerequisite for the issuance of a COA. The Supreme Court had, in the preceding paragraphs, taken the Fifth Circuit to task for merging the AEDPA standards for factual errors under 28 U.S.C. § 2254(d)(2) and (e)(1). 537 U.S. at 341. The Court then addressed the applicability of those standards:

> The Court of Appeals, moreover, was incorrect for an even more fundamental reason. Before the issuance of a COA, the Court of Appeals had no jurisdiction to resolve the **merits** of petitioner's constitutional claims. True, to the extent that the ***merits of this case*** will turn on the agreement or disagreement with a state-court factual finding, the clear and convincing evidence and objective unreasonableness standards will apply. At the COA stage, however, a court need not make a definitive inquiry into this matter. As we have said, a COA determination is a separate proceeding, one distinct from the underlying merits. The Court of Appeals should have inquired whether a "substantial showing of the denial of a constitutional right" had been proved. Deciding the substance of an appeal in what should only be a threshold inquiry undermines the

6

concept of a COA. The question is *the debatability of the underlying constitutional claim*, not the resolution of that debate.

*Miller-El*, 537 U.S. at 342 (emphasis added, citations omitted). Thus, *Miller-El* distinguishes between a merits determination, where AEDPA deference applies, and a COA determination, where it does not apply. For example, the Court opined that 28 U.S.C. § 2254(d)(2) "contains the unreasonable [determination of the facts] requirement and applies to the granting of habeas relief rather than to the granting of a COA." *Miller-El*, 537 U.S. at 341-342. *See Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (applying *Slack/Miller*-El standards for issuance of COA, but noting deference under 28 U.S.C. § 2254(d)(1) was applicable in determining whether to grant relief).

This reading of *Miller-El* is not without its critics. One commentator has deemed *Smith* to be contrary to *Miller-El*. *See* Christopher Q. Cutler, *Friendly Habeas Reform-Reconsidering A District Court's Threshold Role in the Appellate Habeas Process*, 43 Willamette L. Rev. 281, 352-53 (2007) ("For instance, one circuit frequently refuses to consider a COA in light of the AEDPA's deferential standards, in direct contravention of *Miller-El's* mandates.") (citing *Smith*). Indeed, Mr. Cutler observes that even the Fifth Circuit seems to vacillate between applying AEDPA deference and not. *Id.* at 352, n. 285. The difficulty seems to arise from the following language in *Miller-El*:

> The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits. **We look to the District Court's application of AEDPA to petitioner's constitutional claims and ask whether that resolution was debatable amongst jurists of reason.** This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims. In fact, the statute forbids it. When a court of appeals sidesteps this process by first deciding the merits of an appeal, and then justifying its denial of a COA based on its adjudication of the actual merits, it is in essence deciding an appeal without jurisdiction.

*Miller-El*, 537 U.S. at 336-37 (emphasis added). *See e.g. Sosa v. Dretke,* 133 Fed. Appx. 114, 118 (5th Cir. 2005) (quoting *Miller-El*, 537 U.S. at 336, and proceeding to apply AEDPA deference to issuance of COA).

That language, however, only applies where the habeas petition has been rejected by the district court on the merits. As noted by Justice Scalia in his special concurrence

7

in *Miller-El*, there are two standards at play where the petition was denied on procedural grounds: (1) the "substantial showing" of a claim requirement under § 2253(c)(2); and (2) the requirement under *Slack* that the procedural ruling be debatable. *Miller-El*, 537 U.S. at 349-350 (Scalia, J. concurring). As to the former, AEDPA is not controlling. "How the district court applied AEDPA has nothing to do with whether a COA applicant has made 'a substantial showing of the denial of a constitutional right,' as required by 28 U.S.C. § 2253(c)(2), so the AEDPA standard should seemingly have no role in the COA inquiry." *Id.* at 349. Justice Scalia went on to observe that § 22543(c)(2)'s "substantial showing" standard was "a necessary [but] not a sufficient condition" for a COA, and that the Court was adopting an additional requirement when the district court decision was on the merits. *Id.* "A circuit justice or judge must deny a COA, even when the habeas petitioner has made a substantial showing that his constitutional rights were violated, if all reasonable jurists would conclude that a substantive provision of the federal habeas statute bars relief." *Id.* at 349-350.

> To give an example, suppose a state prisoner presents a constitutional claim that reasonable jurists might find debatable, but is unable to find any "clearly established" Supreme Court precedent in support of that claim (which was previously rejected on the merits in state-court proceedings). Under the Court's view, a COA must be denied, even if the habeas petitioner satisfies the "substantial showing of the denial of a constitutional right" requirement of § 2253(c)(2), because all reasonable jurists would agree that habeas relief is impossible to obtain under § 2254(d).

*Id.* at 350.

In the instant case, however, this Court has not made a ruling on the merits of Petitioner's claims. Accordingly, the additional requirement adopted in *Miller-El*, to which AEDPA deference and limits apply, of a debatable right to relief, has no application here.

On the other hand, under the procedural ruling in this case, AEDPA is applicable in determining whether this Court's procedural ruling is debatable. But that question is not up for dispute in this Report and Recommendation.

The only issue currently under consideration is whether Petitioner has made a

8

"substantial showing" of a constitutional claim, and the resolution of that issue does not depend upon the application of AEDPA deference to the state courts' decisions.

**Summary** – Based upon the foregoing, the Court must determine whether Petitioner's Petition has asserted a valid constitutional claim. That determination is not constrained by AEDPA deference, and does not require the evaluation of the ultimate merits of the claim, but simply a quick look at the Petition to determine if Petitioner has "facially allege[d] the denial of a constitutional right," *Lambright*, 220 F.3d at 1026, including claims which are merely "debatable" and not supported by circuit law.

## B. APPLICATION TO AMENDED PETITION

### 1. Ground One – Irreconcilable Conflict

In Ground One of the Amended Petition, Petitioner alleges that his Fifth, Sixth, and Fourteenth Amendment rights were violated by the "constructive denial of the right to counsel." Petitioner asserts that the trial court constructively denied him the right to counsel when it denied his motion for change of counsel, in which Petitioner explained that he had an irreconcilable conflict with his defense counsel. (Amend. Pet., Doc. 6 at 6.)

Respondents argue that this claim is without merit, casting the claim as being based upon the lack of a meaningful relationship with counsel, and relying upon the absence of Supreme Court authority finding a right to such a relationship. (Motion, Doc. 25 at 3.)

However, Petitioner's Amended Petition does not assert a right to a meaningful relationship with counsel. Rather, he asserts an "irreconcilable conflict" and a "complete breakdown in the communication between Petitioner and counsel." (Amend. Petition, Doc. 6 at 6.)

The oft cited polemic is that the Sixth Amendment does not guarantee a "meaningful relationship" between a client and his attorney. *Morris v. Slappy*, 461 U.S. 1, 14 (1983). To be sure, though, forcing a defendant to go to trial with an attorney with

9

whom he has an irreconcilable conflict amounts to constructive denial of the Sixth Amendment right to counsel. *Brown v. Craven*, 424 F.2d 1166, 1170 (9th Cir. 1970). On the other hand, not every conflict between a defendant and his counsel amounts to a denial of counsel. "It may be the case, for example, that because the conflict was of [the defendant's] own making, or arose over decisions that are committed to the judgment of the attorney and not the client, in fact he actually received what the Sixth Amendment required in the case of an indigent defendant." *Schell v. Witek*, 218 F.3d 1017, 1026 (9th Cir. 2000).

The distinction between an irreconcilable conflict and the mere lack of a "meaningful relationship" is shown by the language employed by the Ninth Circuit in *Morris*. "The attorney-client relationship involves 'an intimate process of consultation and planning which culminates in a state of trust and confidence between the client and his attorney.'" *Slappy v. Morris*, 649 F.2d 718, 720 (9th Cir. 1981) *rev'd*, 461 U.S. 1 (1983) (quoting *McKinnon v. State*, 526 P.2d 18, 22 (Alaska 1974)). In rejecting the Ninth Circuit's holding in *Morris*, the Supreme Court observed: "No court could possibly guarantee that a defendant will develop the kind of rapport with his attorney— privately retained or provided by the public—that the Court of Appeals thought part of the Sixth Amendment guarantee of counsel." *Morris*, 461 U.S. at 13-14.

Petitioner's Petition makes no assertion that he lacked a state of trust and confidence, or that he had not been accorded an intimate process of consultation and planning. To the contrary, he alleges that trial counsel failed to advise him in other than a cursory manner on a proffered plea agreement and instead led Petitioner to enter an unadorned plea of guilty to the charges, and then stipulated to the existence of aggravating factors at sentencing. The picture Petitioner paints is not one of strained relations, or disagreements over tactics, but a failure of communication on the most fundamental aspects of the representation. *See U.S. v. Moore*, 159 F.3d 1154, 1159 (9th Cir. 1998) (holding that attorney's failure to keep defendant informed of plea negotiations and to prepare for trial because he felt physically threatened by defendant

demonstrated irreconcilable conflict); *Tucker v. Day*, 969 F.2d 155, 159 (5th Cir.1992) (an attorney who provided his client with no assistance at sentencing and who said, "Oh, I am just standing in for this one," did not satisfactorily discharge his Sixth Amendment responsibilities).

Moreover, Petitioner alleges that in the face of his motion for a change of counsel, the trial court conducted "a perfunctory inquiry." "When a trial court is informed of a conflict between trial counsel and a defendant, the trial court should question the attorney or defendant privately and in depth, and examine available witnesses. A conflict inquiry is adequate if it eases the defendant's dissatisfaction, distrust, and concern and provides a sufficient basis for reaching an informed decision." *Daniels v. Woodford*, 428 F.3d 1181, 1200 (9th Cir. 2005) (internal quotations and citations omitted). A "perfunctory inquiry" would not meet those requirements.

Respondents argue that the Court should look beyond the allegations of Petitioner's Amended Petition and decide that "the record indisputably demonstrates" that the dispute was of Petitioner's making and no counsel would have fared better. (Motion, Doc. 25 at 3-4.) Such a determination would be critical to determining the merits of Petitioner's Petition. It is not, however, appropriate to the limited inquiry mandated under § 2253(c)(2).

On this *quick look*, Petitioner's Ground One has facially alleged the denial of Petitioner's Sixth Amendment right to counsel.

**2. Ground Two – Ineffectiveness of PCR Counsel**

In Ground Two, Petitioner alleges that his Fifth, Sixth, and Fourteenth Amendment rights were violated because Petitioner was denied effective assistance of post-conviction relief counsel. Specifically, Petitioner alleges that his post-conviction relief counsel was ineffective for failing to raise the trial court's constructive denial of Petitioner's right to counsel in a Rule 32 Petition. (Amend. Pet. Doc. 6 at 7.)

Respondents contend that because Ground Two is derivative of Ground One, it is

1   meritless. (Motion, Doc. 25 at 4.)

2   It is true that failure to assert a futile claim cannot form the basis of ineffective
3   assistance. "It should be obvious that the failure of an attorney to raise a meritless claim
4   is not prejudicial." *Jones v. Ryan*, 691 F.3d 1093, 1101 (9th Cir. 2012). However, under
5   the limited inquiry under § 2253(c)(2), this Court cannot say that Ground One is
6   "meritless." It is at least facially a valid claim. So to, then is the derivative claim in
7   Ground Two.

8   Ordinarily, if addressing the merits, the undersigned would assert that there is no
9   constitutional right to effective assistance of PCR counsel, and thus this claim is not
10  facially valid. However, in *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), the Supreme Court
11  recognized an exception to the bar of relying on ineffectiveness of PCR counsel as cause
12  to excuse a procedural default of state remedies. While a procedural case not applicable
13  to the instant dispute, the *Martinez* opinion did recognize that a right to PCR counsel
14  may exist in "initial-review collateral proceedings," such as those like Petitioner's where
15  it is the only review available to a pleading defendant.

> *Coleman* had suggested, though without holding, that the Constitution may require States to provide counsel in initial-review collateral proceedings because "in [these] cases ... state collateral review is the first place a prisoner can present a challenge to his conviction." As Coleman noted, this makes the initial-review collateral proceeding a prisoner's "one and only appeal" as to an ineffective-assistance claim, and this may justify an exception to the constitutional rule that there is no right to counsel in collateral proceedings.
> This is not the case, however, to resolve whether that exception exists as a constitutional matter.

22  *Martinez*, 132 S.Ct. at 1315 (internal citations omitted) (quoting *Coleman v. Thompson*,
23  501 U.S. 722 (1991)). Thus, Petitioner's right to effective assistance of PCR counsel has
24  not been foreclosed, and remains subject to debate.

25  At a minimum, therefore, this Court must conclude that jurists of reason would
26  find it at least debatable that Petitioner's Ground Two states a facially valid claim.

27  //

28  //

### 3. Ground Three – Ineffectiveness of Trial and PCR Counsel

In Ground Three, Petitioner alleges that his Fifth, Sixth, and Fourteenth Amendment rights were violated by the actions of counsel as described in Grounds One and Two. (Amend. Pet., Doc. 6 at 8; Order 5/5/14, Doc. 7 at 2 (summarizing Ground 3).)

Respondents do not separately address this claim in their Motion (Doc. 25).

Assuming that this ground is not merely repetitive, it is at least cumulative of the claims in Grounds 1 and 2. To the extent that those grounds state facially valid claims, Ground 3 does as well.

Liberally construed, *see Roy v. Lampert*, 465 F.3d 964, 970 (9th Cir. 2006), this claim also alleges in addition to the cumulative claim that there was a breakdown in communications with trial counsel, that trial counsel was ineffective for: (1) failing to adequately advise Petitioner on the proffered plea agreement; (2) failing to adequately advise Petition on his guilty plea; and (3) stipulating to aggravating factors at sentencing. Each of these allegations state valid claims. *See Lafler v. Cooper,* 132 S.Ct. 1376, 1385 (2012) (ineffective assistance leading to rejection of plea offer); *McMann v. Richardson*, 397 U.S. 759, 770-71 (1970) (ineffective assistance leading to guilty plea); *U.S. v. Crowe*, 735 F.3d 1229 (10th Cir. 2013) (evaluating counsel's stipulation under ineffective assistance standards).

Consequently, the allegation that PCR counsel failed to assert these claims also states a facially valid claim.

Accordingly, jurists of reason would find it at least debatable that Petitioner's Ground Three states a facially valid claim.

### C. CONCLUSION REGARDING CERTIFICATE OF APPEALABILITY

Based upon the foregoing, the undersigned concludes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right in each of the three grounds in Petitioner's Amended Petition (Doc. 6).

## IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that a Certificate of Appealability be **ISSUED**.

## V. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See also* Rule 8(b), Rules Governing Section 2254 Proceedings. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues, *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*), and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated: April 16, 2015

James F. Metcalf
United States Magistrate Judge

13-2488r RR 15 04 09 on HC.docx